EDWARD HAFFKE, BY AND THROUGH HIS FATHER AND NEXT
FRIEND, CARL HAFFKE, APPELLANT, V. EDWARD H. GRINNELL,
APPELLEE.

196 N. W. 2d 390

Filed April 14, 1972. No. 38177.

Burbridge & Burbridge, for appellant.

Fraser, Stryker, Marshall & Veach, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH,
McCOWN, NEWTON, and CLINTON, JJ.

BOSLAUGH, J.

This case arose out of a collision between a motor-
cycle and an automobile. The jury returned a verdict
for the plaintiff in the amount of $22,500. The trial
court sustained the defendant's motion for judgment not-
withstanding the verdict and dismissed the action. The
plaintiff appeals.

The accident happened at about 5 p.m., on May 20,
1969, at the intersection of Forty-seventh and Lafayette
Streets in Omaha, Nebraska. Forty-seventh Street at
that point is a part of the Northwest Radial Highway
and runs generally north and south. The 3 southbound
lanes are separated from the northbound lanes by a cen-
ter median. Each lane is 10 feet wide. Lafayette Street

forms a T-intersection with Forty-seventh Street and runs to the west. Saddle Creek Road runs to the northwest from the same intersection.

Hamilton Street intersects with Forty-seventh Street approximately 363 feet north of Lafayette Street. A Ginn Oil Company service station is located on the west side of Forty-seventh Street between Hamilton and Lafayette Streets. The south exit from the filling station is 169 feet south of Hamilton Street.

The plaintiff was operating his 1968 Riverside motor bike, which he described as medium-sized with a 20-horsepower engine. The plaintiff was proceeding south on Forty-seventh Street in the right lane and had stopped for a traffic light on the north side of the Hamilton Street intersection. After the light changed to green, and as the plaintiff was starting forward, he saw the defendant's automobile leave the south exit of the Ginn Service Station and turn south on Forty-seventh Street. The defendant's right turning signal was turned on as the defendant was coming out of the service station. The defendant turned south on Forty-seventh Street with his right wheels on the lane marker between the curb lane and the center lane or 1 foot west of the lane marker.

The defendant was driving his 1956 Oldsmobile automobile south on Forty-seventh Street at between 10 and 20 miles per hour, intending to turn at the Lafayette-Saddle Creek intersection. The defendant testified that he had turned on his right turn signal light as soon as he was on Forty-seventh Street. The defendant saw there were other vehicles behind him but did not see the plaintiff at any time before the impact. The defendant testified that as he approached the intersection he applied his brakes and commenced his turn, and that the impact occurred when the front half of his automobile was in the area where the streets came together.

The plaintiff proceeded south on Forty-seventh Street, traveling about 4 feet east of the west curb on Forty-

seventh Street. He accelerated to a speed of 30 to 35 miles per hour until he was within 6 to 8 feet of the rear of defendant's automobile. The plaintiff then "stopped accelerating" or began "decelerating" because he was uncertain what the defendant's actions would be. When defendant's automobile was very close to the Lafayette-Saddle Creek intersection and the plaintiff was about 6 feet behind the defendant's automobile, the defendant's brake lights came on and the defendant commenced his turn. The plaintiff sounded his horn, applied his brakes, and the impact occurred. The plaintiff was thrown from the motorcycle and injured.

The jury could find that the defendant was negligent in failing to maintain a proper lookout and in failing to approach the intersection in the right traffic lane when intending to turn to the right as required by an ordinance of the City of Omaha. The question presented is whether the evidence established as a matter of law that the plaintiff was guilty of contributory negligence which was more than slight and sufficient to bar his recovery. In determining that question the evidence must be considered in the light most favorable to the plaintiff. Mills v. Bauer, 180 Neb. 411, 143 N. W. 2d 270.

The answer alleged that the plaintiff was negligent in failing to maintain a proper lookout and reasonable control over his motorcycle; in traveling at an excessive speed; and in traveling too close to the defendant's automobile.

The plaintiff admits that he observed the defendant's right turn signal and that he was uncertain as to what the defendant's actions would be. He testified that he did not intend to pass the defendant's automobile but was intending to wait and see if the defendant was going to make a lane change.

The plaintiff had no right to disregard the defendant's turn signal and was obligated to maintain control over his motorcycle sufficient to avoid a collision if the defendant made the movement indicated by his signal.

By approaching to within 6 or 8 feet of the rear of the defendant's vehicle and at a relative speed much greater than that of the defendant, the plaintiff placed himself in a position in which he was unable to avoid the collision. See Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., 161 Neb. 152, 72 N. W. 2d 669. This was contributory negligence as a matter of law which was more than slight and sufficient to bar his recovery.

The plaintiff argues that he was not required to anticipate the defendant's negligence and was only required to have such control as would enable him to avoid a collision with other vehicles which were being operated with due care. It is true that complete control such as will only prevent a collision by anticipation of negligence or illegal disregard of traffic regulations, *in the absence of notice, warning, or knowledge* is not required. Greyhound Corp. v. Lyman-Richey Sand & Gravel Corp., *supra*. Here there was notice of an impending movement by the defendant's automobile, which the plaintiff observed, but the plaintiff failed to maintain sufficient control to enable him to avoid a collision when the movement was made.

The judgment of the district court is affirmed.

AFFIRMED.